```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-20577-CIV-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
RANDY ANTHONY WEAVER,       :

     Plaintiff,             :
                                 ORDER OF INSTRUCTIONS TO
v.                          :      PRO SE CIVIL RIGHTS
                                       LITIGANTS
CHARLES A. JENKINS,         :

     Defendant.             :
_____
```

The plaintiff in this case is proceeding <u>pro se</u>.  It is therefore important that he be advised of essential requirements concerning this case.  It is therefore

ORDERED AND ADJUDGED as follows:

1.   It is the responsibility of the plaintiff to keep the Court advised of his current address at all times.  If the plaintiff's address changes and no change of address is promptly filed with the Clerk of Court, <u>this case may be dismissed for lack of prosecution</u>.  A change of address must be labeled "Notice of Change of Address" and must not include any motions or other information except for the new address and the effective date of the change.  The plaintiff must understand that the Court does not know if the plaintiff is transferred or released unless a change of address is filed.

2.   It is the responsibility of the plaintiff to provide the full name, title, if any, and address of the defendant(s).  If service cannot be accomplished upon a defendant due to lack of information provided by the plaintiff, the case will be dismissed

as to that defendant(s).  If there is only one defendant and service cannot be achieved, the entire case will be dismissed.

3. The plaintiff is instructed that the Court has no legal authority to appoint counsel for the plaintiff in a civil rights suit.  In extraordinary cases, it can <u>request</u> a lawyer to represent the plaintiff, but such cases are rare, and no <u>appointment</u> can be made in any civil rights case.

4. The plaintiff shall serve upon the defendant(s) and the defendant(s) upon the plaintiff, or, if appearance by counsel has been entered, upon their respective counsel, copies of all further pleadings or other documents submitted for consideration by the Court.  This means that before counsel has appeared for the defendant(s), the plaintiff shall send to the defendant(s) personally a copy of every further pleading, motion, or other paper submitted to the Court.  After counsel has appeared for the defendant(s), the copy shall be sent directly to counsel for the defendant(s), rather than to the defendant(s) personally.  The plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to defendant(s) or counsel for defendant(s).  If any pleading, motion, or other paper submitted to the Court does not include a certificate of service upon the defendant(s) or counsel for the defendant(s), it will be stricken by the Court.

5. In cases where the plaintiff is filing an "Amended" complaint, the plaintiff shall not send a copy of the amended complaint to the defendants.  In such cases, a copy of the amended complaint and a motion for leave to amend the complaint shall be filed with the court only and not mailed to any of the defendants.

6. All pleadings must include the case number at the top of the first page. The parties shall send the original of every pleading or document to the Clerk of this Court. <u>Miami</u> cases to be filed at 400 North Miami Avenue, 8th Floor, Miami, Florida 33128; <u>Broward</u> cases to be filed at 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301; <u>West Palm Beach</u> cases to be filed at 701 Clematis Street, Room 202, West Palm Beach, Florida 33401. Each submission shall include 1) a copy of the pleading or document, and 2) a certificate of service stating the date a true copy of the pleading or document was sent to the opposing party(ies) and/or counsel for such party(ies).

7. No original pleading or document shall be sent directly to a Judge or Magistrate of this Court. <u>Any paper submitted directly to a Judge or Magistrate rather than to the Clerk will be disregarded by the Court</u>.

8. The plaintiff is instructed <u>not to send letters to the Court or to the Clerk</u>. All documents must be filed in accordance with the Federal Rules of Civil Procedure and copies must be furnished to opposing counsel. <u>No letter to the Court will be answered</u>. The plaintiff must understand that letters are not motions or pleadings and are therefore not docketed in the case.

9. A <u>pro se</u> litigant and his or her family, friends or acquaintances must not call any Judge's office for any reason. No information about the case can be obtained from the Judge's office. Brief case status information contained on the docket sheet may be available from the Clerk of Court, but no Court employee can provide legal advice to any litigant, <u>pro se</u> or otherwise.

10.  The plaintiff has no counsel to assist in the discovery process. Attention is therefore drawn to Fed.R.Civ.P. 26(a), which lists the various forms of discovery available in civil cases. The plaintiff is instructed that the Court will not grant any motion by a pro se plaintiff to take depositions, but will otherwise permit reasonable, relevant discovery by the methods described in the Federal Rules of Civil Procedure.

11.  It is the plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial. Failure to do this will probably result in dismissal of the case for lack of prosecution.

12.  If the plaintiff has been permitted to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a), he or she must understand that a §1915(a) order only permits a plaintiff to proceed without prepayment of costs and fees; it does not mean that the plaintiff is not obligated under the law to pay the costs and fees when he or she is able to do so. It is the plaintiff's responsibility to make monthly payments of 20% of the preceding month's income credited to his or her account, and the agency having custody of the plaintiff must forward payments from the plaintiff's account to the Clerk each time the amount in the account exceeds $10.00 until the full filing fee is paid.

At the conclusion of the case the Court may tax costs against the losing party or parties, and if the plaintiff wins the case such an order will probably eliminate any debt for costs such as

service of process by the Marshal.  Otherwise, any costs and fees incurred by the Marshal on behalf of the plaintiff are properly billed to the plaintiff.

DONE AND ORDERED at Miami, Florida, this 22nd day of February, 2012.

s/Patrick A. White
UNITED STATES MAGISTRATE JUDGE

cc: Randy Anthony Weaver, Pro Se
    Inmate No. 039532
    FCADC
    7300 Marcie's Choice Lane
    Frederick, MD 21704