```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 12-20577-CIV-LENARD
                          MAGISTRATE JUDGE P.A. WHITE
RANDY ANTHONY WEAVER,         :

     Plaintiff,               :

v.                            :    REPORT RE TRANSFER
                                    TO CORRECT VENUE
JOSEPH MARTY ROWE, et al.,    :

     Defendant(s).            :
_____
```

The plaintiff, Randy Anthony Weaver, filed a *pro se* civil rights complaint, and an amended complaint (DE#8), alleging claims against at least twenty-six defendants, including John Does, all located in Frederick, Maryland. The plaintiff is incarcerated in the Frederick County Adult Detention Center, in Frederick Maryland.

The amended complaint supercedes the complaint and before the Court for review. The plaintiff alleges that because he filed a lawsuit in 2003, the government is watching him. He states he has been traveling back and forth from Pompano, Florida, to Frederick, Maryland. He states he was stopped in Florida, and informed he was using a stolen credit card. The officers checked his identification and released him. In 2007, he states he was placed under arrest for theft with the Frederick County Sheriff's Department. He states the defendants are attempting to falsely imprison him in Maryland. He claims in 2008 he was offered a plea, which he took. He is now charged with 51 false charges in a fabricated case. He seeks a jury trial, injunctive relief and monetary damages.

The claims in this case arose out of events in Maryland. The defendants are located in Maryland, and the plaintiff is confined

in Maryland. The only connection to the Southern District of Florida was a stop, during which time his identification was checked and he was sent on his way. The plaintiff does not allege a constitutional violation in the Southern District of Florida.

The appropriate venue provision in this case is 28 U.S.C. §1391(b). <u>Clark v. Harp</u>, 737 F.Supp. 676 (D. D.C. 1990); <u>Harley v. Oliver</u>, 400 F.Supp. 105 (W.D. Ark. 1975). That section provides in relevant part that a case not based on diversity of citizenship should be brought in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated. Transfer under 28 U.S.C. §1404 includes the convenience of the parties and witnesses, relative ease of access to sources of proof, the cost of obtaining the attendance of witnesses and other practical factors that would make the trial of the case easy, expeditious and inexpensive. <u>See</u>: <u>Stateline Power Corp. V Kremer</u>, 404 F. Supp 2nd 1373 (US Dist. Fla. 2005).

The plaintiff is cautioned that he faces hurdles if he wishes to pursue this case. In the first instance, many of his claims may be barred by the Statute of limitation. State Law governs the limitations period in §1983 cases, and "§1983 claims are best characterized as personal injury actions." <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989). Florida law provides multiple statutes of limitations for personal injury actions, and a residual limitations period of four years. Fla. Stat. §95.11(3)(p); <u>Baker v. Gulf & W. Indus.</u>, 850 F.2d

1480, 1481-83 (11 Cir. 1988). In this case, it will be Maryland law which will determine the time permitted.

Secondly, if the plaintiff is attempting to attack pending charges against him, or past convictions, these claims are not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). <u>Heck</u> applies both to actions for monetary damages and for injunctive relief. <u>Wilkinson v Dotson</u> 125 S.Ct 1242 (2005).

It is therefore recommended that this case be transferred to the United States District Court for Frederick County, Maryland.

Objections to this Report may be filed with the united States District Judge within fourteen days following receipt.

Dated this 23rd day of April, 2012.

_____

UNITED STATES MAGISTRATE JUDGE

cc:   Randy Anthony Weaver, <u>Pro Se</u>
      c/o FCADC
      Frederick, Maryland
      Address of record