UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

Case No. 12 cv 20577 JAL

# The attached hand-written document

# has been scanned and is also available in the

# SUPPLEMENTAL PAPER FILE

IN THE UNITED STATES DISTRICT COURT
IN AND FOR, SOUTHERN DISTRICT OF FLORIDA
MIAMI, DIVISION

FILED by PRG D.C.
MAY 11 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA – MIAMI

RANDY ANTHONY WEAVER
    PLAINTIFF,            CASE NO: 12-20577-CIV-LENARD
                                   MAGISTRATE JUDGE P.A. WHITE

V.

JOESPH MARTY ROWE, ET, AL,
    DEFENDANTS  /

PLAINTIFF WEAVER'S PETITION TO PROCEED
WITH CIVIL RIGHTS COMPLAINT IN THE
SOUTHERN DISTRICT OF FLORIDA

COMES NOW, THE PLAINTIFF, RANDY ANTHONY WEAVER, FILING PRO SE DOES HEREBY MOVE TO PROCEED WITH CIVIL RIGHTS CONSPIRACY COMPLAINT IN SOUTHERN DISTRICT OF FLORIDA. PLAINTIFF WEAVER AVERS TO THE COURT THE FOLLOWING FACTS.

(1). IN FEBRUARY 23rd 2012, THIS PLAINTIFF FILED A CIVIL RIGHTS COMPLAINT AGAINST THE DEFENDANTS;

-1-

(2). In March ____, 2012 the Plaintiff then filed a motion to amend his civil complaint, now naming a total of (26) twenty-six Defendants, and providing details of a civil rights conspiracy claim pursuant to 42 U.S.C. §§ 1983, 1985;

(3) On May 1, 2012 the Plaintiff received the "Report and Recommendations" filed by the Honorable Magistrate Judge P. A. White, this response follows:

(4) Based upon the R+R filed by the Magistrate, it is apparent that the Court misconstrued or improperly applied federal law to Plaintiff's claims;

(5). The Court states that, "the Plaintiff believes the government is watching him" [SIC]. The Court further states that the Plaintiff's only claim regarding South Florida is a stop and release about a stolen credit card. This claim is incorrect;

(6) These claims by the Court misconstrue the facts, first, in Haines v. Kerner a complaint filed by a [Pro Se] litigant is to be held at a less stringent guidelines than those of an attorney;

(7). ADDITIONALLY, IT APPEARS FROM THE WORDING OF THE R&R THAT THE COURT IS CHALLENGING THE VERACITY OF THE PLAINTIFF'S CLAIMS. THE COURT MUST CONSTRUE THAT THE CLAIMS BY THE PLAINTIFF ARE TRUE;

(8) THE COURT, OMITS ANY REFERENCE TO THE CLAIM BY THE PLAINTIFF THAT AN INCINERARY DEVICE WAS USED TO CATCH THE PLAINTIFF'S VEHICLE ENGINE ON FIRE IN PORT ST. LUCIE, FLORIDA. AND THAT THE PLAINTIFF'S VEHICLE HAS BEEN HIDDEN SINCE THAT DATE;

(9). CLEARLY, IF IN FACT, THE UNITED STATES MARSHALS HAVE RECRUITED OTHER MEMBERS OF LAW ENFORCEMENT TO FALSELY FILE CRIMINAL CHARGES AGAINST THIS PLAINTIFF FOR THE PLAINTIFF EXERCISING HIS CONSTITUTIONAL RIGHTS, AND THESE MARSHALS ARE FROM THE SOUTHERN DISTRICT OF FLORIDA, THEN CLEARLY, JURISDICTION RESTS IN THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. §1332 UPON THAT GROUNDS ALONE, AND ALSO BASED UPON THE FACT THAT THE PLAINTIFF'S CLAIMS ASSERT THAT HE WAS ILLEGALLY DETAINED AND FORCED TO RESIDE IN MARYLAND, AND THAT THE PLAINTIFF IS A FLORIDA RESIDENT FROM POMPANO BEACH;

(10). ADDITIONALLY, THE COURT ASSERTS THAT THE PLAINTIFF IS CURRENTLY CHARGED WITH (51) FIFTY-ONE CHARGES IN

3.

Maryland, that claim is not correct. The Plaintiff's claims is that the State dropped (50) fifty of these charges and tricked the plaintiff into pleading to a charge of "Theft-Scheme" which does not even exist under Maryland Law (see, Maryland Code Annotated, Criminal Law 7-104). So, the Plaintiff's claim is actually that the State of Maryland is filing false, non-existent charges, and that there is no such criminal offense;

(11). Additionally, the Court of Special Appeals for the State of Maryland reversed plaintiff's conviction on the claims involving Defendant's Rowe, Yonkers, Keeney's, Schetrompf and several others. That reversal occurred on April 12, 2011, therefore the statute of limitations should apply from the date of reversal;

(12). Additionally, the other claims against several other defendants stemming from the 2007 fabricated case is now been re-opened due to the Plaintiff's filing of a "Writ of Error Coram Nobis". That matter is due to be heard on July 12, 2012;

(13). The Theft-Scheme (51 charge issue) is the subject also of additional litigation. Upon the Defendant's obtaining the illegal conviction, this Plaintiff filed

- 4 -

A writ of Habeas Corpus, challenging numerous defendants based on the fact that Maryland has no theft-scheme statute, which is the offense plaintiff was convicted of. That case gets heard on May 17, 2012.

WHEREFORE, the plaintiff asserts that his claims contained in his civil rights complaint have merit and that this court does have subject matter jurisdiction. Therefore, the plaintiff respectfully prays that this court grant plaintiff's request to leave this civil matter in the Southern District of Florida, and that this civil action proceed as a complaint pursuant to 42 U.S.C §§ 1983, 1985.

Respectfully Submitted,

_____
Randy Anthony Weaver
Plaintiff / Pro Se
7300 Marcie's Choice Ln
Frederick, Maryland
21704